UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOUIS PERINO and DEBORAH PERINO,

                Plaintiffs,                              Case No. 12-cv-15182

                                                  Paul D. Borman
v.                                         United States District Judge

WELLS FARGO BANK, N.A.,

                Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT (ECF NO. 2)

      Before the Court is Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Dismiss and/or For Summary Judgment. (ECF No. 2.) Plaintiffs filed a response (ECF No. 4) and Wells Fargo filed a reply (ECF No. 5). The Court held a hearing on August 21, 2013. For the reasons that follow, the Court GRANTS Defendant's motion and DISMISSES Plaintiff's Complaint.

**INTRODUCTION**

      On April 9, 2004, Plaintiffs Louis and Deborah Perino, husband and wife, ("the Perinos" or Plaintiffs), executed a promissory note related to a residential mortgage loan in the amount of $186,800.00 ("the Note") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for the lender, Pioneer Mortgage, Inc., on property located at 18431 Lawrence Lane, New Boston, Michigan ("the Property"). (ECF No. 2, Def.'s Mot. Ex. 1; Pl.'s Compl. ¶¶ 3-4.) As security for the Note, Plaintiffs executed and delivered to MERS a mortgage encumbering the Property ("the Mortgage"). (*Id.*) The Mortgage was recorded on April 26, 2004, in Liber 40478, Page 2890, with the Wayne County Register of Deeds. (*Id.*) The Mortgage was subsequently

1

assigned by MERS to Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), in an assignment that was recorded on June 21, 2010, in Liber 48609, Page 68-68, with the Wayne County Register of Deeds.  (Def.'s Mot. Ex. 2.)

In 2010, Plaintiffs fell behind on their Mortgage payments and were granted a loan modification by Wells Fargo on August 19, 2010.  (Compl. ¶¶ 5-6.)  Plaintiffs do not attach a copy of the purported loan modification agreement to their Complaint or to their response to Defendant's motion but they do concede that they were unable to honor the terms of the purported August 19, 2010 Agreement: "Plaintiffs allege in the Complaint that they signed a Note and Mortgage on the Property, missed payments in 2010, were approved for a loan modification, ran into trouble again, and Defendant improperly refused to re-modify their loan."  (ECF No. 4, Pls.'s Resp. 8.)

As a result of Plaintiffs' ultimate inability to satisfy their obligations under the Mortgage loan and purported modification, Wells Fargo initiated foreclosure proceedings and purchased the Property on April 26, 2012 as the high bidder at a sheriff's sale.  (Compl. ¶ 14; Def.'s Mot. Ex. 3 at 2.)  Notice of the foreclosure proceedings, and of Plaintiffs' rights to request a loan modification, were given as required by Mich. Comp. Laws §§ 600.3204 and 3205.  (Def.'s Mot. Ex. 3 at 3-8.) According to the April 23, 2012 Affidavit of Notice filed by Wells Fargo's attorneys, Plaintiffs did request a meeting but no agreement could be reached and Plaintiffs were deemed ineligible for a loan modification.  (*Id.* at 7.)  Plaintiffs allege in their Complaint that they were assured by Wells Fargo that their 2010 loan modification was still in full force and effect and that Plaintiffs should "ignore the 2012 foreclosure as it will straighten out."  (Compl. ¶ 9.)  Plaintiffs further allege that after the sheriff's sale, Wells Fargo "repeatedly assured Plaintiffs that they were straightening out their error for the 2012 foreclosure sale and that the Property should not have been sold."  (Compl.

¶ 10.)  Plaintiffs right to redeem the Property expired on October 26, 2012.  (*Id*. at 8.)  Plaintiffs filed this Complaint in Wayne County Circuit Court on October 30, 2012 and Wells Fargo removed the case to this Court on November 26, 2012.  (ECF No. Notice of Removal.)

## II.     STANDARD OF REVIEW

### A.     Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted.  When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  But the court "need not accept as true legal conclusions or unwarranted factual inferences."  *Id*. (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)).  "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id*. at 555 (internal citations omitted). Dismissal is appropriate if the plaintiff has failed to offer sufficient factual allegations that make the asserted claim plausible on its face. *Id.* at 570.  The Supreme Court clarified the concept of "plausibilty" in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009):

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

2:12-cv-15182-PDB-MKM   Doc # 9   Filed 09/23/13   Pg 4 of 18   Pg ID 139

> inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 (brackets omitted).

*Id*. at 1948-50. A plaintiff's factual allegations, while "assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 127 S.Ct. at 1965). Thus, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bredesen*, 500 F.3d at 527 (citing *Twombly*, 127 S.Ct. at 1969). While a "*pro se* complaint . . . must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), still under even this lenient standard *pro se* plaintiffs must meet basic pleading requirements. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The leniency granted to *pro se* plaintiffs "does not require a court to conjure allegations on a litigant's behalf." *Id*. at 714 (internal quotation marks and citation omitted).

In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents that are referenced in the plaintiff's complaint or that are central to plaintiff's claims (2) matters of which a court may take judicial notice (3) documents that are a matter of public record and (4) letters that constitute decisions of a government agency. *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007). *See also Greenberg v. Life Ins. Co. Of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (finding that documents attached to a motion to dismiss that are referred to in the complaint and central to the claim are deemed to form a part of the pleadings). Where the claims rely on the existence of a written agreement, and plaintiff fails to attach the written

4

instrument, "the defendant may introduce the pertinent exhibit," which is then considered part of the pleadings. *QQC, Inc. v. Hewlett-Packard Co*., 258 F. Supp. 2d 718, 721 (E.D. Mich. 2003). "Otherwise, a plaintiff with a legally deficient claims could survive a motion to dismiss simply by failing to attach a dispositive document." *Weiner v. Klais & Co., Inc*., 108 F.3d 86, 89 (6th Cir. 1997).

### B.      Federal Rule of Civil Procedure 56

Pursuant to Federal Rule of Civil Procedure 56, a party against whom a claim, counterclaim, or cross-claim is asserted may file a motion for summary judgment "at any time until 30 days after the close of all discovery," unless a different time is set by local rule or court order. Fed. R. Civ. P. 56(b). Summary judgment is appropriate where the moving party demonstrates that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(a). "Of course, [the moving party] always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. *See also Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987).

A fact is "material" for purposes of a motion for summary judgment where proof of that fact "would have [the] effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (quoting Black's Law Dictionary 881 (6th ed. 1979)) (citations omitted). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Conversely,

5

where a reasonable jury could not find for the nonmoving party, there is no genuine issue of material fact for trial. *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993). In making this evaluation, the court must examine the evidence and draw all reasonable inferences in favor of the non-moving party. *Bender v. Southland Corp.*, 749 F.2d 1205, 1210-11 (6th Cir. 1984). "'The central issue is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Binay v. Bettendorf*, 601 F.3d 640, 646 (6th Cir. 2010) (quoting *In re Calumet Farm, Inc.*, 398 F.3d 555, 558 (6th Cir. 2005)).

If this burden is met by the moving party, the non-moving party's failure to make a showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," will mandate the entry of summary judgment. *Celotex*, 477 U.S. at 322-23. The non-moving party may not rest upon the mere allegations or denials of his pleadings, but the response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts which demonstrate that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). The rule requires the   non-moving party to introduce "evidence of evidentiary quality" demonstrating the existence of a material fact. *Bailey v. Floyd County Bd. of Educ.*, 106 F.3d 135, 145 (6th Cir. 1997); *see Anderson*, 477 U.S. at 252 (holding that the non-moving party must produce more than a scintilla of evidence to survive summary judgment).

"Rule 56(e)(2) leaves no doubt about the obligation of a summary judgment opponent to make [his] case with a showing of facts that can be established by evidence that will be admissible at trial.... In fact, '[t]he failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion.' Rule 56(e) identifies affidavits,

depositions, and answers to interrogatories as appropriate items that may be used to support or

oppose summary judgment." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009) (quoting

*Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009)).

## III.   ANALYSIS

### A.   Plaintiffs Lack Standing to Challenge the Assignment of the Mortgage

Plaintiffs assert that they have "standing to bring this action," because "the Assignment of

Mortgage from MERS to Defendant is a fraud."  (Pls.'s Resp. 6.)  The law is clear that Plaintiffs

have no standing to challenge the assignment of their Mortgage from MERS to Wells Fargo.  In

*Livonia Props. Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC*, 399 F. App'x 97

(6th Cir. 2010), cert. denied, —— U.S. ——, 131 S.Ct. 1696 (2011), the Sixth Circuit recognized that

an obligor may assert certain defenses which may render an assignment void, but that these defenses

exist to protect the obligor from a potential double liability:

> [T]here is ample authority to support the proposition that a litigant who is not a party
> to an assignment lacks standing to challenge that assignment. An obligor "may assert
> as a defense any matter which renders the assignment absolutely invalid or
> ineffective, or void." 6A C.J.S. Assignments § 132 (2010). These defenses include
> nonassignability of the instrument, assignee's lack of title, and a prior revocation of
> the assignment, none of which are available in the current matter. *Id*. Obligors have
> standing to raise these claims because they cannot otherwise protect themselves from
> having to pay the same debt twice. *Id*. In this case, Livonia is not at risk of paying
> the debt twice, because Farmington has established that it holds the original note.
> Farmington has produced ample documentation that it was in possession of the note
> and had been assigned all rights therein prior to the initiation of foreclosure
> proceedings. The district court reviewed the copies in exhibits and the originals
> produced by Farmington and was satisfied that they were authentic. Without a
> genuine claim that Farmington is not the rightful owner of the loan and that Livonia
> might therefore be subject to double liability on its debt, Livonia cannot credibly
> claim to have standing to challenge the First Assignment.

399 F. App'x at 102.  *See also Conlin v. Mortg. Elec. Reg. Systems, Inc*., 714 F.3d 355, 360-61 (6th

Cir. 2013) (noting that under *Livonia Properties* a third party can only challenge an assignment of

mortgage on a showing of prejudice, i.e. that they face the potential for double liability if the assignment stands); *Smith v. Litton Loan Servicing, LP*, No. 12-1684, 2013 WL 888452, at *3 (6th Cir. March 12, 2013) (unpublished) (noting that the purpose of allowing an obligor certain defenses in *Livonia Properties* was to avoid the risk of having to pay the same debt twice and finding that although "the record in this case is not as clear as in *Livonia* that the foreclosing entity owns the note, Smith has not put forth any evidence showing a genuine risk of having to pay the same debt twice," and concluding that plaintiff could not mount a third party challenge the assignment); *Yuille v. American Home Mortg. Services, Inc*., 483 F. App'x 132, 135 (6th Cir. 2012) ("Defendants presented evidence that MERS assigned the mortgage to Deutsche, as trustee for the GSR Trust. We agree with the district court that any defect in the written assignment of the mortgage would make no difference where both parties to the assignment ratified the assignment by their subsequent conduct in honoring its terms, *Long v. City of Monroe*, 265 Mich. 425, 251 N.W. 582, 587 (1933), and that Yuille, as a stranger to the assignment, lacked standing to challenge its validity, *see Bowles v. Oakman*, 246 Mich. 674, 225 N.W. 613, 614 (1929); 6A C.J.S. Assignments § 132.")

Several courts in this District have applied *Livonia Properties* to conclude that the mortgagor had no standing to challenge the assignment of his mortgage. *See, e.g., Fortson v. Federal Home Loan Mortg. Corp*., No. 12-10043, 2012 WL 1183692, at *4 (E.D. Mich. April 9, 2012) (relying on *Livonia Properties* and finding that where Wells Fargo produced documentation that it had been assigned all rights in the loan, plaintiff could not claim that he was subject to double liability on the debt and therefore had no standing to challenge the assignment); *Kapila v. Bank of New York Mellon*, No. 12-12858, 2012 WL 4450816, at *2 (E.D. Mich. Sept. 25, 2012) (holding that "because Plaintiff does not and cannot allege that he is at risk of paying the same Mortgage Loan debt twice,

he cannot raise a defense that would render the challenged assignment invalid, ineffective, or void");

*Stack v. BAC Home Loans Servicing, LP*, No. 11-13746, 2012 WL 3779186, at *5 (E.D. Mich. Aug. 31, 2012) (holding that "Plaintiffs, who were not parties to the assignment, lack standing to challenge the validity of the assignment between MERS and BANA" where "no viable claim has been advanced that Plaintiffs might be subject to double liability on this debt"); *Tate v. BAC Home Loan Servicing, LP*, No. 10-13257, 2011 WL 3957554, at *4-5 (E.D. Mich. Aug. 5, 2011) (Hluchaniuk, M.J.) (finding that borrowers, as third parties to the assignment of their mortgage, had no standing to assert a claim that the assignor lacked signing authority or to challenge in any way the alleged invalidity of the assignment).

In *Keyes v. Deutsche Bank Nat. Trust Co.*, 921 F. Supp. 2d 749, 756-57 (E.D. Mich. 2013), the court distinguished *Livonia Properties* and rejected defendant's claim that plaintiff lacked standing to challenge the assignment, finding that the potential for double liability did exist in that case. However, in this case Plaintiffs allege no facts that indicate that the assignment may in some way subject Plaintiffs to double liability. The Mortgage was assigned to Wells Fargo and Wells Fargo commenced foreclosure proceedings. There is no suggestion that MERS continued to attempt to collect the debt or could continue to do so. *See Liponoga v. American Home Mortg. Servicing, Inc.*, No. 12-12829, 2012 WL 6096579, at *3 (E.D. Mich. Dec. 7, 2012) (noting that exceptions to the rule that a third party cannot challenge an assignment exist where plaintiff faces the threat of double liability but finding that plaintiff's pleadings did not invoke such an exception and finding no risk of double liability on the underlying debt).

Plaintiffs lack standing to challenge the assignment of the Mortgage from MERS to Wells Fargo and any claim based upon the validity of the assignment from MERS to Wells Fargo fails to

state a claim.

**B.      Plaintiffs' Post-Redemption Challenge to the Foreclosure Sale Fails**

Further, Plaintiffs have failed to allege facts that would permit them to challenge the foreclosure sale of their home post-redemption.  The foreclosure sale of Plaintiffs' home to Wells Fargo occurred on April 26, 2012.  As explained in the Sheriff's Deed and the Notices posted on Plaintiffs' property and published in the Detroit Legal News, Plaintiff's right to redeem the property under Michigan law, therefore, expired on October 26, 2012.  Plaintiff did nothing to redeem the Property during the redemption period and lost possession of the Property in the state court summary eviction proceedings.  On October 30, 2012, after the redemption period had expired, Plaintiffs commenced this action.  When the redemption period expired on October 26, 2012, Wells Fargo became vested with all right, title and interest in the property and, absent a clear showing of fraud or irregularity in the foreclosure proceedings, Plaintiffs cannot challenge that Wells Fargo had full right, title and interest in the property.

The Sixth Circuit recently confirmed that Michigan law requires a strong showing of fraud or irregularity to set aside a completed foreclosure sale once the redemption period has expired and that defects under the Michigan foreclosure statute are actionable only on a showing of prejudice. *Conlin,* 714 F.3d at 360 (holding that, even assuming an invalid assignment, plaintiffs failed to demonstrate the requisite prejudice or fraud necessary to set aside a completed foreclosure sale once the redemption period has expired).  This high burden of proof, recognized by the Sixth Circuit in *Conlin*, that is required to set aside a completed foreclosure following expiration of the redemption period, has strong roots in Michigan law.  Michigan courts have long held that a plaintiff is barred from challenging a foreclosure sale after the right to redemption has passed.  *See Piotrowski v. State*

10

*Land Office Bd.*, 302 Mich. 179, 187 (1942) (holding that "plaintiffs did not avail themselves of their right to redemption in the foreclosure proceedings and at the expiration of such right . . . all plaintiffs' rights in and title to the property were extinguished.")  Several Michigan state and federal courts have applied *Piotrowski* to bar claims by former property owners on their foreclosed properties after the period of redemption has passed, some concluding that plaintiffs lack Article III standing after the redemption period has expired and others concluding that while plaintiffs have standing to bring the claims, their claims fail on the merits.  In *Conlin*, *supra*, the Sixth Circuit noted the standing/merits controversy but did not take the opportunity to finally resolve the issue.  *Conlin*, 714 F.3d at 359-60 ("Whether the failure to make [a showing of fraud or irregularity] is best classified as a standing issue or as a merits determination, one thing is clear: a plaintiff-mortgagor must meet this "high standard" in order to have a foreclosure set aside after the lapse of the statutory redemption period.") (Footnotes and citations omitted.)

As noted by the Sixth Circuit in *Conlin*, the only possible exception to the rule that such claims are absolutely barred post-redemption applies when the mortgagor makes a strong showing of "fraud or irregularity."  "'The Michigan Supreme Court has held that it would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside.'" *Sweet Air Inv. Inc. v. Kenney*, 275 Mich. App. 492, 497 (2007) (quoting *United States v. Garno*, 974 F. Supp. 628, 633 (E.D. Mich. 1997), citing *Detroit Trust Co. v. Aggozinio*, 280 Mich. 402, 405-06 (1937));  *Schulthies v. Barron*, 16 Mich. App. 246, 247-48 (1969) ("The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity."); *Senters v. Ottawa Sav. Bank, FSB*, 16 Mich. App. 246, 247-48 (Mich.

11

1993) (same).

Importantly, the Sixth Circuit in *Conlin* took the opportunity to reaffirm that under Michigan law, the showing of fraud or irregularity required to set aside a completed foreclosure sale after the expiration of the redemption period must satisfy a very "high standard" of proof:

> Michigan's foreclosure-by-advertisement scheme was meant to, at once, impose order on the foreclosure process while still giving security and finality to purchasers of foreclosed properties. *See Mills v. Jirasek*, 255 N.W. 402, 404 (Mich. 1934) (citing *Reading v. Waterman*, 8 N.W. 691, 692 (Mich. 1881)); *see also Gordon Grossman Bldg. Co. v. Elliott*, 171 N.W.2d 441, 445 (Mich. 1969). To effectuate this interest in finality, the ability for a court to set aside a sheriff's sale has been drastically circumscribed. *See Schulthies v. Barron*, 167 N.W.2d 784, 785 (Mich. Ct. App. 1969); *see also Senters [v. Ottawa Sav. Bank, FSB*], 503 N.W.2d [639] at 643 [(Mich. 1993)]. Michigan courts have held that once the statutory redemption period lapses, they can only entertain the setting aside of a foreclosure sale where the mortgagor has made "a clear showing of fraud, or irregularity." *Schulthies*, 167 N.W.2d at 785; *see also Sweet Air Inv., Inc. v. Kenney*, 739 N.W.2d 656, 659 (Mich. Ct. App. 2007) ("The Michigan Supreme Court has held that it would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside." (internal quotation marks omitted)).

714 F.3d at 359.

Not only must there be an extraordinarily strong showing of fraud or irregularity but the alleged fraud must relate to the actual foreclosure process. *Id.* at 360 ("It is further clear that not just any type of fraud will suffice. Rather, the misconduct must relate to the foreclosure procedure itself.") (quotation marks, citation and alteration omitted).

Plaintiff does not allege any such procedural irregularities in the instant case, and certainly none that relate to the foreclosure process itself. Nor does Plaintiffs' Complaint or the response to Wells Fargo's motion, even purport to state a claim of fraud. A claim of fraud under Michigan law requires the following elements: (1) that the defendant made a misrepresentation; (2) that it was false; (3) that defendant knew at the time of making the statement that it was false or was reckless

12

with regard to knowledge of the truth; (4) that defendant made it with the intention that plaintiff

would rely on it; (5) that plaintiff did rely and act on the misrepresentation; and (6) that plaintiff

suffered injury as a result. *Hi-Way Motor Co. v. International Harvester Co*., 398 Mich. 330 (1976).

Plaintiffs have not pled a plausible claim of fraud.

Plaintiffs, who assert their claim after the expiration of the redemption period, have not

stated a plausible claim for relief under Michigan foreclosure by advertisement law and Wells Fargo

is entitled to dismissal of Count III of Plaintiffs' Complaint.

### C.     Plaintiffs Have Failed to State a Plausible Claim Under "Dodd Frank"

In Count I of their Complaint, Plaintiffs seek "equitable, declaratory and injunctive relief,"

purportedly under "the Dodd Frank Wall Street Reform and Consumer Protection Act (Pub. L. 111-

203)." (Compl. 3.)  Plaintiffs do not cite the statutory section under which they attempt to proceed

but their response to Wells Fargo's motion indicates that they are resting their challenge on Wells

Fargo's alleged obligation under the Home Affordable Modification Program ("HAMP") to make

certain disclosures when denying a request for loan modification. (ECF No. 4 at 8.)  No private right

of action is available under HAMP. *See Helmus v. Chase Home Finance, LLC*, 890 F. Supp. 2d 806,

812 (W.D. Mich. 2012) (recognizing that "HAMP does not provide a private right of action to

borrowers"); *Duff v. Federal Nat'l Mtg. Ass'n*, No. 11-12474, 2012 WL 692120, at *4 (E.D. Mich.

Feb. 29, 2012) ("[A]s recognized by [] this and other federal courts, there is no private right of action

under HAMP."); *Meyer v. Citimortgage, Inc.*, No. 11-13432, 2012 WL 511995, at *9 (E.D. Mich.

Feb. 16, 2012) (finding that no duty exists under HAMP to modify a loan and even if such a duty

did exist, HAMP does not create a private right of action under which plaintiff may seek relief). It

is equally well established that Plaintiffs cannot claim to be third party beneficiaries of the HAMP

agreements. *See, e.g. Duff*, 2012 WL 692120, at *5 (recognizing that "the overwhelming majority of courts have held that borrowers are not third-party beneficiaries to the servicing contracts entered into between loan servicers and Fannie Mae"); *Ahmad v. Wells Fargo Bank, N.A.*, 861 F. Supp. 2d 818, 826 (E.D. Mich. 2012) (noting that "[f]ar from establishing a new duty of care that would cast a wider net of liability under state-law negligence claims, the [HAMP] statute removes a legal barrier to more widespread loan modification activity so as to encourage servicers to participate in HAMP and related programs.") (internal quotation marks and citation omitted).

Plaintiffs have failed to plead a plausible claim for relief under "Dodd Frank." Accordingly, Wells Fargo is entitled to dismissal of Count I of Plaintiffs' Complaint.

### D.    Plaintiffs' Breach of Contract Claim is Barred by the Statute of Frauds

Plaintiffs allege that they were told to "ignore the 2012 foreclosure as it will be straighten[ed] out." (Compl. ¶ 9.) Plaintiffs offer no writing in support of this claim that they were "told" or "repeatedly assured" that there would be no foreclosure in 2012. In fact Plaintiffs offer no writing that supports their claim that they were granted a loan modification in August, 2010. Michigan's statute of frauds, Mich. Comp. Laws § 566.132, requires that any agreement by a financial institution to modify a loan agreement or forbear from proceeding with their foreclosure rights must be in writing and signed by an authorized agent of the financial institution. Section 566.132 provides in relevant part:

> (2) An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:
>
>> (a) A promise of commitment to lend money, grant or extend credit, or make any other financial accommodation.

14

(b) A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation.

(c) A promise of commitment to waive a provision of a loan, extension of credit, or other financial accommodation.

Mich. Comp. Laws § 566.132.

This statutory provision has been strictly enforced to bar any type of claim against a financial institution that is not supported by a written document signed by an authorized agent of the financial institution. *See Crown Technology Park v. D&N Bank, FSB*, 242 Mich. App. 538, 550 (2000) (holding that, under the "unqualified and broad ban" of section 566.132, "a party is precluded from bringing a claim - no matter its label - against a financial institution to enforce the terms of an oral promise . . . including actions for promissory estoppel"). In *Loeffler v. BAC Home Loans Servicing*, No. 11-13711, 2012 WL 666750 (E.D. Mich. Feb. 29, 2012), this Court faced a scenario where plaintiff claimed that representatives of the defendant loan servicer "recommended that he stop paying his mortgage and apply for modification again after his first missed payment." *Id*. at *1. Plaintiff in *Loeffler* alleged that he missed his next mortgage payment, received a loan modification packet but that while his request for a modification was being processed, defendants instituted foreclosure proceedings on his property. *Id*. This Court rejected plaintiff's fraud and misrepresentation claims, agreeing with several decisions in this district "that misrepresentation claims based on alleged promises to modify home mortgages are barred by the Michigan Statute of Frauds." *Id*. at *5.

*Crown Technology* dictates that, no matter the label they place on their claim, plaintiffs are precluded from bringing claims against financial institutions to enforce the terms of oral promises to waive  or modify the terms of a loan. *See also Dingman v. OneWest Bank, FSB*, 859 F. Supp.

15

2d 912, 919 (E.D. Mich. 2012) (citing *Crown Technology* and dismissing plaintiffs' fraud claims that would require the court to enforce alleged oral promises and representations in contravention of the statute of frauds); *Snell v. Wells Fargo Bank*, No. 11-12018, 2012 WL 1048576, at *6-7 (E.D. Mich. March 28, 2012) (citing *Crown Technology* and finding that under Michigan statute of frauds, a party is precluded from bringing any claim against a financial institution to enforce the terms of an oral promise and rejecting plaintiff's attempt to rely on alleged unwritten promises by its lender to enter into a loan modification agreement or to forbear from foreclosure); *Heikkinen v. Bank of America, N.A.*, No. 11-13532, 2012 WL 628608, at *7 (E.D. Mich. Feb. 27, 2012) ("Because Plaintiff presents no evidence of a writing signed by Defendants promising to modify her loan documents, her claims based on any such promise do not survive Defendants' motion for summary judgment and are dismissed."); *Meyer v. Citimortgage, Inc.*, No. 11-13432, 2012 WL 511995, at *9 (E.D. Mich. Feb. 16, 2012) (dismissing "claim [] based on an unwritten agreement by CMI to consider plaintiffs for a loan modification," finding that "a promissory estoppel claim is also barred by the statute of frauds"); *Williams v. JP Morgan Mtg. Acquisition Corp.*, No. 09-12106, 2010 WL 1052356, at *4 (E.D. Mich. March 19, 2010) (finding that third party notes of conversations with defendant's representatives, allegedly indicating an agreement to delay a sheriff's sale, at most "offer[ed] proof of a verbal promise and not a writing signed by Defendant as required by [Mich. Comp. Laws § 566.132]"); *Ajami v. IndyMac Mtg. Services*, No. 09-13488, 2009 WL 3874680, at *2 (E.D. Mich. Nov. 13, 2009) (finding that oral promises to modify a loan "fall squarely within the express language of M.C.L. § 566.132(2)(b) and (c)" and dismissing plaintiffs' claims based on plaintiffs' failure to provide documentary evidence establishing a promise of financial accommodation).

16

Accordingly, Wells Fargo's motion to dismiss Plaintiffs' breach of contract claim (Count II) is granted.

### E.        Plaintiffs Fail to State a Claim Against Wells Fargo Under the MCPA

The Michigan Consumer Protection Act does not apply to residential mortgage transactions. *See* Mich. Comp. Laws § 445.904(1)(A); *Berry v. Bank of America, N.A.*, No. 09-14081, 2009 WL 4950463, at *6 (E.D. Mich. Dec.16, 2009) (noting that Michigan courts have concluded that residential mortgage loan transactions qualify for the exemption in section 445.904(1)(A) holding that the MCPA does not apply to residential loan transactions) (citing *Newton v. Bank West*, 262 Mich. App. 434, 686 N.W.2d 491, 493 (Mich. Ct. App. 2004)).  Accordingly, Wells Fargo is entitled to dismissal of Count IV of Plaintiffs' Complaint. In fact, Plaintiffs agree in their response, and conceded at oral argument, that this claim should be dismissed.  (ECF No. 4, Pls.'s Resp. 9.)

## IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS Wells Fargo's motion to dismiss and/or for summary judgment and DISMISSES Plaintiffs' Complaint.

IT IS SO ORDERED.


                                        s/Paul D. Borman                              
                                        PAUL D. BORMAN
                                        UNITED STATES DISTRICT JUDGE

Dated:  September 23, 2013

17

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 23, 2013.

s/Deborah Tofil
Case Manager